UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

RYAN VEEDER,

    Plaintiff,

v.                                       Case No. 24-C-310

INTERNAL REVENUE SERVICE,

    Defendant.

## DECISION AND ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

    Plaintiff Ryan Veeder brought this action against Defendant Internal Revenue Service (IRS), seeking a refund of federal income taxes he claims he overpaid for the 2022 and 2023 tax years. He also claims entitlement to damages for the IRS' alleged negligence in withholding his tax refund for the 2022 tax year and that he should be exempt from tax until he is paid in full. This matter comes before the court on the IRS' motion for summary judgment. To date, Veeder has not filed a response to the motion and the time to do so has passed. For the following reasons, the motion will be granted and the case will be dismissed.

## BACKGROUND

    Veeder timely filed his federal income tax return for calendar year 2022. On his return, he claimed several refundable credits, including the American Opportunity Credit, earned income credit, and child tax credits. Veeder claimed that, because of these credits, he overpaid his taxes by $10,412.00, and he sought a tax refund for the overpayment. On February 13, 2023, the IRS informed Veeder that it was examining his 2022 return and requested additional information from him to substantiate his claims to the credits. On February 23, 2023, the IRS issued Veeder a partial

refund of $922.00. Veeder subsequently provided additional information to the IRS, but the information failed to substantiate the credits claimed. On September 8, 2023, the IRS informed Veeder that his 2022 return was undergoing further examination and requested additional information to substantiate his claims. On October 18, 2023, the IRS received additional documents from Veeder. Between November 3, 2023, and March 8, 2024, the IRS sent multiple third-party contact letters to verify the information Veeder provided. Only the Brown County Circuit Court in Green Bay, Wisconsin responded to the IRS' request. On May 6, 2024, the IRS ultimately issued a tax refund to Veeder in the amount of $10,241.41, representing the $9,490.00 of Veeder's 2022 refund that had not previously been paid and $751.41 in accrued statutory interest.

Veeder also timely filed his federal income tax return for the 2023 tax year. On his 2023 return, Veeder claimed many refundable credits. He claimed that, because of the credits, he overpaid his 2023 liability by $8,020.00 and sought a refund. The IRS received the 2023 return and began processing it on March 18, 2024. Because Veeder's 2023 refundable credits exceed his 2023 reported tax liability, the IRS has tentatively credited Veeder an $8,020.00 federal income tax overpayment. However, as of May 3, 2024, the IRS has not issued Veeder's 2023 tax refund.

## LEGAL STANDARD

Summary judgment is appropriate when the moving party shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). In deciding a motion for summary judgment, the court must view the evidence and make all reasonable inferences in the light most favorable to the non-moving party. *Johnson v. Advocate Health & Hosps. Corp.*, 892 F.3d 887, 893 (7th Cir. 2018) (citing *Parker v. Four Seasons Hotels, Ltd.*, 845 F.3d 807, 812 (7th Cir. 2017)). The party opposing the motion for

summary judgment must "submit evidentiary materials that set forth specific facts showing that there is a genuine issue for trial." *Siegel v. Shell Oil Co.*, 612 F.3d 932, 937 (7th Cir. 2010) (citations omitted). "The nonmoving party must do more than simply show that there is some metaphysical doubt as to the material facts." *Id.* Summary judgment is properly entered against a party "who fails to make a showing to establish the existence of an element essential to the party's case, and on which that party will bear the burden of proof at trial." *Austin v. Walgreen Co.*, 885 F.3d 1085, 1087–88 (7th Cir. 2018) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)).

## ANALYSIS

The IRS argues that the court lacks subject matter jurisdiction over Veeder's 2022 refund claim because it is moot. A claim becomes moot and must be dismissed for lack of subject matter jurisdiction "when the plaintiff's legally cognizable interest in the litigation ceases to exist or where the court 'can no longer affect the rights of the litigants in the case.'" *Evers v. Astrue*, 536 F.3d 651, 662 (7th Cir. 2008) (quoting *Worldwide Street Preachers' Fellowship v. Peterson*, 388 F.3d 555, 558 (7th Cir. 2004)). With respect to his 2022 refund claim, Veeder sought the return of his overpayments plus interest. On February 23, 2023, the IRS issued Veeder a partial refund of $922.00, and on May 6, 2024, it issued Veeder a $10,241.41 refund, which represented the previously unpaid amount of Veeder's refund request plus accrued interest. By tendering the full amount of the refund, plus accrued interest, the IRS gave Veeder all of the relief he seeks. Accordingly, Veeder's 2022 refund claim is moot and must be dismissed. *See Greene-Thapedi v. United States*, No. 03-C-3294, 2007 WL 328809, at *3 (N.D. Ill. Jan. 29, 2007) (holding that claim was moot because the government paid the taxpayer's claimed tax refunds plus interest).

Veeder claims entitlement to damages for the IRS' alleged negligence in withholding his tax refund for the 2022 tax year. "To maintain an action against the United States in federal court,

3

a plaintiff must identify a statute that confers subject matter jurisdiction on the district court and a federal law that waives the sovereign immunity of the United States to the cause of action." *Clark v. United States*, 326 F.3d 911, 912 (7th Cir. 2003) (citations omitted). It appears Veeder seeks to bring this claim under the Federal Tort Claims Act (FTCA), which "allows a plaintiff to bring certain state-law tort suits against the Federal Government." *Brownback v. King*, 592 U.S. 209, 210–11 (2021) (citing 28 U.S.C. §§ 1346(b), 2674). However, the FTCA exempts the government from tort liability for "[a]ny claim arising in respect of the assessment or collection of any tax." 28 U.S.C. § 2680(c). Veeder's negligence claim related to his tax refund arises out of the assessment and collection of taxes. As a result, Veeder cannot proceed on this claim under the FTCA. *See Clark*, 326 F.3d at 912–13.

Next, the IRS asserts that Veeder's 2023 refund claim is not timely. "Sovereign immunity shields the United States from suit absent a consent to be sued that is unequivocally expressed." *United States v. Bormes*, 568 U.S. 6, 9–10 (2012) (internal quotation marks and citation omitted). Although the United States has waived immunity with respect to taxpayer suits for refunds, *see* 26 U.S.C. § 7422(a), such waiver is limited. *See Bartley v. United States*, 123 F.3d 466, 467–68 (7th Cir. 1997). As relevant here, sovereign immunity in taxpayer refund suits is only waived if the taxpayer complies with the statute of limitations to file suit. *See* 26 U.S.C. § 6532(a)(1). Section 6532(a)(1) provides that "no suit or proceeding under section 7422(a) for the recovery of any internal revenue tax, penalty, or other sum, shall be begun before the expiration of 6 months from the date of filing the claim required under such section unless the Secretary renders a decision thereon within that time." *Id.* Stated differently, no suit for a refund may be initiated until the Secretary has rendered a decision on the taxpayer's claim or until six months have passed since the claim was filed. In this case, Veeder filed his 2023 return on March 18, 2024, and he initiated

this lawsuit on March 11, 2024. Because the Secretary has not yet rendered a decision on Veeder's refund claim and six months have not passed since the filing of the claim, Veeder's claim is premature and must be dismissed.

Finally, the IRS argues that Veeder's claim for tax exempt status is not authorized by federal statute. To repeat, absent an unequivocally expressed waiver, suits against the United States are barred by sovereign immunity. *Bormes*, 568 U.S. at 9–10. Because Veeder has not identified a federal law that waives the United States' sovereign immunity for his tax-exempt status claim, his claim could be denied on this basis alone. But even if Veeder had identified a federal law waiving the United States' sovereign immunity, his claim is barred by the Anti-Injunction Act (AIA). The AIA provides that, subject to limited exceptions that do not apply here, "no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court." 26 U.S.C. § 7421. By seeking tax-exempt status, Veeder is attempting to restrain the assessment or collection of his taxes. Accordingly, Veeder's claim must be dismissed on this basis as well.

## CONCLUSION

For these reasons, the IRS' motion for summary judgment (Dkt. No. 9) is **GRANTED**. The case is dismissed. The Clerk is directed to enter judgment accordingly.

**SO ORDERED** at Green Bay, Wisconsin this 25th day of June, 2024.

s/ William C. Griesbach
William C. Griesbach
United States District Judge